UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL S. POWELL,

        Plaintiff(s),

v.

AMERICAN PRESIDENT LINES. LTD., et al.,

        Defendant(s).

NO. C08-1606MJP

ORDER ON LAURA BERTRAND'S MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed Defendant Laura Bertrand's Motion for Summary Judgment (Dkt. No. 15), and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that the motion is GRANTED, and all claims against Defendant Laura Bertrand are DISMISSED with prejudice.

**Discussion**

Although Defendant Laura Bertrand has presented proof that Plaintiff was served with a copy of her motion, Plaintiff filed no responsive pleading to this motion. The Local Rules of this District permit the Court to consider such failure "as an admission that the motion has merit." CR 7(b)(2). Nevertheless, the Court is also aware of its responsibility to reach a decision on the merits, regardless of whether the non-moving party has responded.

Plaintiff's lack of a response does, however, permit the Court to find that there are no disputed issues of material fact, and proceed to a decision on the issues of law: Can the wife of a defendant who is domiciled in a non-community property state and who has no direct involvement with the circumstances of the litigation and no other connections with the forum be named in an action against the husband? The answer is clearly "no."

**ORDER ON MTN
FOR SUMM JMT - 1**

1   Defendant Stephen Bertrand was the Master of the vessel M/V APL Singapore during the time Plaintiff was employed thereon. Plaintiff's lawsuit is based on claims of harassment and wrongful termination from his employment on that vessel. There are no allegations in the complaint that Stephen Bertrand's spouse, Laura, was involved in the vessel's operation in any way or that Defendant Stephen Bertrand was acting on behalf of the marital community during his tenure as Master of the ship.

The Bertrands are domiciled in the Commonwealth of Massachusetts, where Laura Bertrand has resided her entire life. Decl. of Laura Bertrand, ¶ 3. Washington has long accepted the principle that the character of property is to be determined under the law of the state in which the couple is domiciled at the time of acquisition. Rustad v. Rustad, 61 Wn.2d 176, 179 (1963). Under Washington law, "when the management of community property is at issue, the state with the most significant interests is typically the state where the spouses reside." G.W. Equipt. Leasing, Inc. v. Mt. McKinley Fence, Co., Inc., 982 P.2d 114, 117 (Wa.Ct.App., 1999).

Massachusetts, where the Bertrands have resided throughout their marriage, is not a community property state. Richman v. Richman, 555 N.E.2d 243, 248, n. 11 (Mass.App.Ct., 1990). Based on that fact, Plaintiff cannot sue Defendant Stephen Bertrand's spouse solely to ensure access to any "community property." There is none.

According to a declaration submitted by defense counsel, Plaintiff's attorney was contacted and asked to withdraw the claims against Laura Bertrand on this basis. Without citing any authority for his position, he refused to do so. Decl. of Adam Belzburg. Even further puzzling to the Court is the fact that it is the general rule in this state that even community property is not subject to satisfaction of liability for the individual tort of one of the members of the community. Verstraelen v. Kellog, 60 Wn.2d 115 (1962). Only where the alleged tort was committed by the individual spouse in the management of community property or for the benefit of the marital community can marital

**ORDER ON MTN FOR SUMM JMT - 2**

community property be reached.  <u>See</u>, e.g., <u>Bergman v. State</u>, 187 Wn. 622 (1036).  As already noted, there are no allegations of participation or joint responsibility by Laura Bertrand in the events at issue in this lawsuit.  She simply does not belong in this litigation.

**Conclusion**

Neither the laws of Washington, where this litigation was commenced, nor Massachusetts, where the Defendant Bertrands reside, support the naming of Laura Bertrand as a defendant in this action.  On her motion, the Court orders that the claims against her are DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  February __10___, 2009

_____
Marsha J. Pechman
U.S. District Judge

**ORDER ON MTN FOR SUMM JMT - 3**