The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL S. POWELL,

    Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD., a corporation, APL MARITIME, LTD., and STEPHEN L. BERTRAND, and his wife, whose true Christian name is unknown to the Plaintiff, and the M/V APL SINGAPORE, its appurtenances, tackle, anchor, et ux,

    Defendants.

Case No. C08-1606 MJP

**ORDER RE:**

**PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL**

The above-entitled Court, having received and reviewed:

    I.    Plaintiff's Motion for Reconsideration (Dkt. No. 63)

    II.    Plaintiff's Motion to Reopen the Case (Dkt. No. 64)

    III.    Defendants APL Marine Services, Ltd. et al. Response to Motion to Reopen the Case (Dkt. No. 66)

    IV.    Defendant Stephen L. Bertrand's Response to Motion to Reopen the Case

and all attached declarations and exhibits, makes the following ruling:

**ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL**
**CASE NO. C08-1606 MJP**     -1-

IT IS ORDERED that the motions for reconsideration and to reopen the case are DENIED.

On December 1, 2009, the Court entered Judgment in this case in favor of all Defendants. That Judgment was electronically served upon Plaintiff's counsel the same day. Having failed to timely file a notice of appeal within the 30-day period set forth in FRAP 4(a)(1), Plaintiff now seeks an extension of time to file an appeal pursuant to FRAP 4(a)(6). The Court denies Plaintiff's Motion as his counsel received proper notice of the entry of the Judgment.

**Background**

Plaintiff's counsel in this matter is a registered participant in this Court's electronic filing system, CM/ECF (the "Case Management/Electronic Case Files" system). Registration in the CM/ECF system has been mandatory for all counsel since June 2004. (Electronic Filing Procedures, Sec. I(A), pg. 2.) An examination of the court records reveals that Plaintiff's attorney has been counsel in twelve different cases in this Court since the CM/ECF system was put in place in 2004.

Under the CM/ECF system, it is the responsibility of a participating registered attorney "to maintain an electronic mailbox sufficient to receive the orders and other papers transmitted electronically to counsel." (Electronic Filing Procedures, Sec. I(A), p. 2.) "Registration constitutes consent to electronic service of documents, as provided in Section III(D) of [the] procedures." (Electronic Filing Procedures, Sec. II(A), p. 4.) "Whenever a pleading or other paper is filed electronically in accordance with [the] procedures, ECF will generate an e-mail 'Notice of Electronic Filing' to the filing party and any other party, who is a registered user. If the recipient is a registered participant in ECF, receipt of the Notice of Electronic Filing shall constitute service pursuant to the Federal Rules." (Electronic Filing Procedures, Sec. III(D), p. 6.)

Indeed, the "Attorney Registration Form for the Electronic Case Filing System" used by this Court specifically advises counsel:

> By submitting this registration form, the undersigned understands and agrees to the following.
>
> . . .
>
> 4. By signing this Registration Form, you consent to receive notice electronically, and to waive your right to receive notice by personal service of first class mail pursuant to Federal Rule of Civil procedure 5(b0(2)(D), except with regard to service of a complaint and summons. This provision *does* include electronic notice of entry of an order or judgment. [Emphasis in original.]

On December 1, 2009, this Court entered an Order granting Defendant APL's summary judgment motion. [Docket # 59.] That Order granting summary judgment was electronically served by the Court that same day through the CM/ECF system on all counsel, including Plaintiff's attorney

On the same day, December 1, 2009, this Court also entered a final Judgment in favor of Defendant APL and Defendant Bertrand and against Plaintiff Powell. [Docket #60.] And on the same day, notice of the entry of that Judgment was also electronically served on all counsel (including Plaintiff's counsel) by the Court through the CM/ECF system.

As entry of the Judgment was on December 1, 2009, the 30-day time period under Federal Rule of Appellate Procedure (FRAP) 4(a)(1) for Plaintiff to file a timely notice of appeal from the Judgment ended on December 31, 2009. The deadline for filing a notice of appeal came and went without any action by Plaintiff or his counsel.

On January 11, 2010, Plaintiff filed the instant motion to reopen the time to file a notice of appeal. The only explanation given for not filing a timely notice of appeal is Plaintiff's counsel report that he did not receive "*de facto*" notice of entry of the Judgment, because the electronic entry and electronic service of the entry of Judgment was unknown to him. This was apparently because neither he nor his staff checked his CM/ECF e-mail account during the month of December. As such, Plaintiff's counsel states he did not learn of the Order granting summary judgment until January 8, 2010. (Plaintiff's counsel apparently had to be told by his client, Mr.

**ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL**
**CASE NO. C08-1606 MJP** -3-

1  Powell, who on his own initiative had earlier that day checked with the in-court deputy clerk as to
2  the status of his case. See the January 8, 2010 letter from Michael Powell to the Court. Docket #
3  63.)[1]

**Discussion: Plaintiff's Claim for Relief Under FRAP 4(a)(6)**

Plaintiff Powell specifically brings his instant motion under FRAP 4(a)(6). As applicable here, FRAP 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is enlarged, but only if all of the following conditions are satisfied:
>
> (A) the court finds the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed ... within 7 days after the moving parties receives notice under Federal Rule of Civil procedure 77(d) of the entry, ...; and
>
> (C) the court finds that no party would be prejudiced.

Federal Rule of Civil Procedure (FRCP) 77(d) provides:

> (1) Immediately after entering an order or judgment, the clerk must serve notice of each entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. ...

FRCP 5(b)(2), in turn, expressly authorizes electronic service as used in this case, stating:

> A paper is served under this rule by: ... (E) sending it by electronic means if the person consented in writing – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

Here, Plaintiff does not dispute that notice of the entry of Judgment was electronically served on his counsel on December 1, 2009. Nor is there any dispute that Plaintiff's counsel consented to receiving electronic service by being a participant in the CM/ECF system. Finally, Plaintiff's counsel does not claim that the notice of entry of the Judgment as electronically served

---

[1] In the Motion for Reopening the Time to File for Appeal filed by Plaintiff's counsel, Plaintiff's counsel inserts a declaration that, upon learning that summary judgment had been granted in favor of Defendants, he "consulted the docket clerk and Judge Peckman (*sic*) on Monday, January 11…" Motion, Dkt. No. 64, p. 2. The Court wishes to make it clear that at no time was there any *ex parte* communication between Mr. Smith and the Court.

**ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL**
**CASE NO. C08-1606 MJP**            -4-

by the Clerk did not reach his attorney's electronic mailbox. Rather, his attorney states that his paralegal who normally checked court filings retired in November 2009, and that he and his remaining staff members thereafter "lack[ed] the knowledge" to check that electronic mailbox. Under these circumstances, no relief under FRAP 4(a)(6) is available.

Plaintiff's contention that his attorney "did not receive *de facto* notice" of the entry of Judgment is of no consequence. There is no such concept of "*de facto* notice" for purposes of the receipt of notice standard under FRAP 4(a)(6). Plaintiff's counsel received notice of the entry of Judgment when it was sent to his electronic mailbox – irrespective of his inattention in not checking the contents of his e-mail in-box. See *American Boat Company, Inc. v. Unknown Sunken Barge*, 2008 U.S. Dist. LEXIS 32834 (E.D.Mo. 2008), affirmed, 567 F.3d 348 (8th Cir. 2009); *Lee v. Watkins*, 2006 U.S. LEXIS 77314, *4 -*6 (D.Colo. 2006).

Accordingly, Plaintiff Powell's Motion brought under FRAP 4(a)(6) is denied.

With respect to whether an injustice would result if an appeal is foreclosed, as this Court observed in the order on summary judgment, Plaintiff's response to the Defendants' motions for summary judgment fell far short of the legal standard required to survive summary judgment. There was an accumulation of substantive and procedural insufficiencies that were fatal to Plaintiff's case. Given the record on summary judgment, and viewing the parties' summary judgment papers as a whole, it can fairly be said that Plaintiff would be highly unlikely to obtain relief if a late appeal were allowed. Defendants on the other hand would be forced to incur additional substantial costs and legal expense. Thus, the "injustice" factor also cuts against allowing a late appeal.

**ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL**
**CASE NO. C08-1606 MJP** -5-

The failure of Plaintiff's counsel to timely file a notice of appeal was inexcusable neglect. Plaintiff's Motion for Reopening Time for Appeal is DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February _1__, 2010

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING TIME FOR APPEAL
CASE NO. C08-1606 MJP           -6-